UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN JAMERSON, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:04CV43 JCH |
| | ) | |
| DAVE DORMIRE, | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Melvin Jamerson's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed January 12, 2004. The matter is fully briefed and ready for disposition.

On February 9, 2001, Petitioner plead guilty in the Circuit Court of St. Louis County, Missouri, to one count of murder in the first degree, one count of burglary in the first degree, and two counts of armed criminal action. Petitioner was sentenced to life imprisonment without parole on the murder count, life imprisonment on each count of armed criminal action, and fifteen years imprisonment on the burglary count, all sentences to be served concurrently. Petitioner did not appeal his conviction or sentence. Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, which was denied without a hearing on March 6, 2002. The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Jamerson v. State, 97 S.W.3d 21 (Mo. App. 2002).

Petitioner is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri. In the instant petition, Petitioner raises two claims for relief, as follows:

(1) That the state court clearly erred in denying Petitioner's postconviction motion without an evidentiary hearing, as Petitioner received ineffective

assistance of counsel when his counsel failed to investigate a defense of diminished capacity prior to recommending that Petitioner plead guilty to the charges; and

(2) That Petitioner is actually innocent of the crimes, as at the time of their commission he suffered from a mental disease or defect excluding responsibility under RSMo Chapter 552.

The Court will address the claims in turn.

### **Non-Cognizable Claim**

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990); 28 U.S.C. § 2254(a). Claims that do not reach constitutional magnitude cannot be addressed in a petition for habeas corpus. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991).

In his first claim for relief, Petitioner claims that the post-conviction motion court erred in failing to hold an evidentiary hearing on his Rule 24.035 motion. However, "[s]ection 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." Williams-Bey, 894 F.2d at 317. See also Williams v. State of Missouri, 640 F.2d 140, 143-44 (8th Cir.), cert. denied, 451 U.S. 990 (1981). Petitioner's claim that the post-conviction motion court failed to have a hearing on his Rule 24.035 motion is collateral to his conviction and detention, and thus is not cognizable in a federal habeas petition. Williams-Bey, 894 F.2d at 317. Petitioner's first claim for relief must therefore be denied.[1]

### **Claim Addressed On The Merits**

---

[1] The Court's review of the record, including both the State Court opinions and the affidavit submitted by Petitioner's plea counsel, reveals that Petitioner's underlying claim of ineffective assistance of counsel fails on the merits as well.

In his second claim for relief, Petitioner claims that he is actually innocent of the charged crimes, as at the time of their commission he suffered from a mental disease or defect excluding responsibility under RSMo Chapter 552. Petitioner failed to raise this claim on direct appeal of his conviction. A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d 538, 541 (Mo. App. 1980), cert. denied, 513 U.S. 983 (1994). Because Petitioner has failed properly to raise the claim in state court proceedings, the claim is defaulted and he is procedurally barred from pursuing it here. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995). This Court therefore cannot reach the merits of the claim absent a showing of cause and prejudice, or a demonstration "that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Petitioner has not stated a basis upon which his procedural default of Ground 2 should be excused, although he alleges his actual innocence as the basis for habeas relief in Ground 2. In support of his claim of innocence, Petitioner contends that his state of mind or competency at the time he committed the crimes precluded his being found guilty. "This bare, conclusory assertion that he is innocent is insufficient to excuse Petitioner's procedural default." Burton v. Dwyer, 2005 WL 1661512 at *7 (E.D. Mo. Jul. 8, 2005), citing Sweet v. Delo, 125 F.3d 1144, 1152 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998). "Moreover, a credible claim of actual innocence requires [a] petitioner to support his allegation of constitutional error with new reliable evidence." Id. (internal quotations and citations omitted). Petitioner in the instant case does not allege factual innocence, but rather innocence as a result of his mental state at the time he committed the crimes. Upon making this assertion, he relies upon information in his criminal file and plea transcript, none of which is new

or newly discovered. As such, the Court finds Petitioner has failed to establish innocence, to excuse his procedural default of Ground 2. Ground 2 thus remains procedurally defaulted, and must be dismissed.[2]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 30th day of December, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[2] As further support for its ruling, the Court notes that, "[a]n actual innocence claim is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Wadlington v. U.S., 428 F.3d 779, 783 (8th Cir. 2005) (internal quotations and citation omitted). Petitioner here does not assert, "an independent constitutional violation occurring in the underlying state criminal proceeding," and so his claim must be dismissed as non-cognizable as well. Herrera v. Collins, 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) (citation omitted).